Filed 10/3/13  P. v. Avila CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE RUBEN AVILA,<br><br>Defendant and Appellant. | F065507<br><br>(Super. Ct. Nos. VCF210477 & VCF264336)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Meredith J. Watts, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Kane, J. and Franson, J.

While defendant Jose Ruben Avila was on probation, he stole two sago palm trees from an acquaintance's front yard. Defendant pled guilty to grand theft, the taking of personal property valued over $950. (Pen. Code, § 487, subd. (a).) On appeal, he contends defense counsel was ineffective for failing to investigate the value of the palms. We will affirm.

## BACKGROUND

At the preliminary hearing, a police officer testified that the homeowner who owned the sago palms described the trees as over 30 years old and approximately six feet tall. The homeowner estimated their value at $3,000 for both. The homeowner's neighbor had witnessed the theft and identified defendant as the perpetrator. Defendant was acquainted with the homeowner because he had met the homeowner's deceased wife at church and she had given him work as a handyman.

At the arraignment hearing, defendant pled not guilty to the grand theft charge.

At a pretrial hearing, the prosecutor asked whether the defense would be willing to stipulate to the amount of the theft so the prosecutor would not be required to call a nursery employee to testify. Defense counsel declined, stating: "Since it's an element of the offense, we can't stipulate." Later at the same hearing, defense counsel stated that defendant now wished to enter a plea and receive the six-year indicated term previously mentioned by the court. The court reiterated that the maximum penalty to which defendant would be exposed at trial was seven years eight months, and even if defendant prevailed at trial, he would still receive the previously imposed and suspended six-year term for his probation violation. The court explained, "So, really, I'm pretty much giving you a free ride here on these palms." The court stated that the restitution would be less than $3,000 if defendant could prove the palms were worth less. Defendant said he would like to dispute the value of the palms, and the court responded that he could do that at the restitution hearing. Defendant said he appreciated it. The court questioned defendant and proceeded to take his plea. The court asked whether there was a factual

2.

basis for the plea, and defense counsel answered, "Yes, there is, based upon police reports and preliminary hearing." When the court asked for defendant's plea, the court described the crime as taking "property of a value exceeding $950, to wit: S[a]go palms .…" Defendant answered, "Guilty." The court accepted the plea and also found defendant in violation of probation.

At the sentencing hearing, the defense presented no evidence regarding the value of the palms, and the court set restitution at $3,000. There was some discussion about the possible return of the palms. The court noted its concern that the trees might no longer be worth $3,000 because sago palms are easily destroyed, but it stated that the homeowner could determine whether return of the trees was satisfactory restitution.

## DISCUSSION

"It is well settled that where ineffective assistance of counsel results in the defendant's decision to plead guilty, the defendant has suffered a constitutional violation giving rise to a claim for relief from the guilty plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 934.) The burden of proving ineffective assistance of counsel is on the defendant, and he is required to show both that defense counsel's performance was deficient and that he suffered prejudice because of it. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-696; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) In the context of a guilty plea, in order to show ineffective assistance of counsel, the defendant has the burden to prove by a preponderance of the evidence: (1) defense counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and (2) the defendant suffered prejudice from counsel's deficient performance in that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." (*Hill v. Lockhart* (1985) 474 U.S. 52, 59, fn. omitted; see also *In re Resendiz* (2001) 25 Cal.4th 230, 239, 248-254, abrogated on another ground in *Padilla v. Kentucky* (2010) 559 U.S. 356, 370.)

3.

Here, defendant claims that defense counsel was ineffective because he "never followed up to determine whether the palms were of sufficient value that [defendant] should *plead* to grand theft." Defendant asserts that prejudice is shown from the face of the record, based on common sense, because "there was no investigation whatever of the only available defense." He explains that if his conviction had been for petty theft, not grand theft, he "could have argued that the court should not impose the suspended sentence from the first case, and the court might have been more receptive."

First, there is no evidence before us that defense counsel did not investigate the value of the sago palms. Thus, defendant cannot show from the record that defense counsel's performance was deficient. Second, there is no evidence before us suggesting the value of the palms was in fact less than $950. Thus, defendant cannot show there is a reasonable probability he would not have pled guilty had counsel investigated the value. Under these circumstances, defendant can prove neither requirement of ineffective assistance.

If defendant has evidence outside the record to support these requirements, he should present his case by way of habeas corpus. Claims of ineffective assistance of counsel are more appropriately litigated in a habeas corpus proceeding. Where, as here, the record does not show if or why counsel failed to act in the way defendant claims, we must reject an ineffective counsel claim based only on the record on appeal. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) A verified petition for habeas corpus allows a defendant to allege facts outside the appellate record to show that counsel actions or failures might constitute ineffectiveness. (See *People v. Michaels* (2002) 28 Cal.4th 486, 526; *People v. Anderson* (2001) 25 Cal.4th 543, 598.)

## DISPOSITION

The judgment is affirmed.